UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMANUEL MCSWEENEY,<br><br>                        Petitioner,<br><br>v.<br><br>WARDEN OF THE OTAY MESA DETENTION FACILITY, et al.,<br><br>                        Respondents. | Case No.: 3:25-cv-02488-RBM-DEB<br><br>**ORDER GRANTING RENEWED MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**[Doc. 8]** |

      On September 15, 2025, Petitioner Emmanuel McSweeney ("Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241. (Doc. 1.) Petitioner also filed a Motion to Appoint Counsel pursuant to 18 U.S.C. § 3006A. (Doc. 2.) The Court denied Petitioner's Motion to Appoint Counsel but gave him an opportunity to "file a renewed motion for appointment of counsel that addresses his financial eligibility." (Doc. 6. at 2.) Petitioner then filed this renewed Motion for Appointment of Counsel. (Doc. 8.)

      Petitioner moves this Court to appoint Federal Defenders of San Diego, Inc. as counsel for Petitioner. (*Id.* at 2.) Petitioner asserts that he has a strong claim for release under *Zadvydas v. Davis*, 533 U.S. 678 (2001) but that *Zadvydas* cases are complex and often require an evidentiary hearing. (*Id.*) Petitioner asserts the Federal Defenders of San

Diego, Inc. "is routinely appointed to represent immigrants in bringing *Zadvydas* claims." (*Id.*) Petitioner also submits a declaration in support of his financial eligibility for appointment of counsel. (*See id.* ¶¶ 11–12.)

"Whenever the United States magistrate judge or the [C]ourt determines that the interests of justice so require, representation may be provided for any financially eligible person who … (B) is seeking relief under section 2241, 2254, or 2255 of title 28." 18 U.S.C. § 3006A(a)(2). "In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (citations omitted). The appointment of counsel is then left to the sound discretion of the magistrate judge or the District Court. *See Terrovona v. Kincheloe*, 912 F.2d 1176, 1181–82 (9th Cir. 1990).

Having reviewed the Motion for Appointment of Counsel, the Court **GRANTS** Petitioner's Motion for Appointment of Counsel. Petitioner is correct that Federal Defenders of San Diego, Inc. is routinely appointed to represent immigrants in *Zadvydas* cases like this one. *See e.g.*, *Bui v. Warden of the Otay Mesa Det. Facility*, Case No. 3:25-cv-02111-JES-DEB, ECF No. 7 (S.D. Cal. Sept. 11, 2025); *Hersi v. Mayorkas*, Case No. 3:24-cv-0299-JES-DDL, ECF No. 8, (S.D. Cal. Apr. 8, 2024); *Severino-Zuniga v. Att'y Gen.*, No. 17-CV-0529-AJB-KSC, 2017 WL 9916027, at *2 (S.D. Cal. July 6, 2017); *Chen v. Napolitano*, No. 09cv563-IEG-NLS, 2009 WL 857628, at *1 (S.D. Cal. Mar. 27, 2009); *Tran Cam Liu v. Chertoff*, Civil No. 07CV1654 JAH (RBB), 2007 WL 2429754, at *3 (S.D. Cal. Aug. 24, 2007); *Castrillon v. Dep't of Homeland Sec.*, CASE NO. 05CV1552-BEN (NLS), 2006 WL 8448314, at *2 (S.D. Cal. Jan. 31, 2006).

**IT IS SO ORDERED.**

DATE:  October 1, 2025

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE