UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMANUEL MCSWEENEY,<br><br>                        Petitioner,<br><br>v.<br><br>WARDEN OF THE OTAY MESA DETENTION FACILITY, et al.,<br><br>                        Respondents. | Case No.: 3:25-cv-02488-RBM-DEB<br><br>**ORDER SETTING OCTOBER 3, 2025 HEARING ON TEMPORARY RESTRAINING ORDER** |

      On September 15, 2025, Petitioner Emmanuel McSweeney ("Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241. (Doc. 1.) The Court set a briefing schedule on the Petition (Doc. 6) and Respondents filed a Return to Petition ("Return") on September 30, 2025. (Doc. 9.) Petitioner's Reply is due October 7, 2025. (Doc. 6.) After the Court granted Petitioner's renewed Motion for Appointment of Counsel (Doc. 10) and appointed Federal Defenders of San Diego, Inc., Petitioner filed a Motion for Temporary Restraining Order ("TRO") on October 1, 2025. (Doc. 12.)

      Petitioner asserts in the TRO that he faces immediate irreparable harm in the forms of his current detention and his anticipated removal to Haiti. (Doc. 12 at 2.) He represents he intends to file a motion before the Immigration Judge in Miami, Florida to "reconsider or reopen his removal proceedings to show that he is a citizen of the Bahamas," and argues

a TRO (1) releasing him from detention and (2) prohibiting Immigration and Customs Enforcement ("ICE") from removing him to Haiti while he litigates in Florida is necessary to preserve the status quo. (*Id.* at 3.) Petitioner claims he is likely to succeed on the merits because he can prove that he is a citizen of the Bahamas and should be removed to that country under 8 U.S.C. § 1231(b)(2)(A)(i)-(ii), and because ICE failed to follow its own regulations when it did not provide to Petitioner (1) notice of the reasons for revocation of his release, (2) a prompt initial informal interview, or (3) an opportunity to respond to the reasons for revocation. (*Id.* at 9–15 (citing 8 C.F.R. §§ 241.4(1), 241.13(i)(2-3)).)

Respondents have not yet had an opportunity to respond to the TRO. But in the Return, Respondents note ICE Enforcement and Removal Operations ("ERO") obtained a travel document for Haiti for Petitioner on September 30, 2025, and "is currently working on placing the Petitioner on the next available flight to Haiti, which is anticipated to occur within a week." (Doc. 9 at 4.) Respondents also argue that Petitioner is lawfully detained under 8 U.S.C. § 1231(a) and *Zadvydas v. Davis*, 533 U.S. 678 (2001). (*Id.* at 5–6.)

## I.   ORDER

Having reviewed the Petition, the Return, and the TRO, the Court **ORDERS** Respondents to file the following additional documents or evidence, to the extent they exist, on or before **October 3, 2025 at 10:00 a.m.**:

1. Any documents or other evidence reflecting the government's determination, either before or after Petitioner's arrest on March 18, 2025, that Petitioner's release should be revoked.
2. The Notice of Revocation of Release issued to Petitioner.
3. Any documents or other evidence reflecting Petitioner's ability to respond to the reasons for revocation during his informal interview.
4. Any documents or other evidence reflecting the Immigration Judge's May 21, 2020 decision, including the country that was designated Petitioner's country of removal.

Additionally, the Court **SETS** a hearing on the TRO for **October 3, 2025 at 1:30 p.m. in Courtroom 5B** of the Edward J. Schwartz United States Courthouse. To maintain the status quo, Respondents, their officers, agents, servants, employees, attorneys, and other persons who act in concert or participation with Respondents **SHALL NOT** remove Petitioner from the United States, or transfer Petitioner outside of the Southern District of California, before the hearing.

**IT IS SO ORDERED.**

DATE: October 2, 2025

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE